1  Lynda J. Zadra-Symes (SBN 156511)
   2ljs@kmob.com
2  Lauren K. Katzenellenbogen (SBN 223370)
   lkeller@kmob.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
4  Fourteenth Floor
   Irvine, CA 92614
5  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
6
   Attorneys for PLAINTIFF
7  HANSEN BEVERAGE COMPANY d/b/a
   MONSTER BEVERAGE COMPANY
8

9

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  _____        **EDCV11-01969 VAP (OPx)**
    HANSEN BEVERAGE COMPANY d/b/a    )    Civil Action No. _____
14  MONSTER BEVERAGE COMPANY, a      )
    Delaware corporation,            )    COMPLAINT
15                                   )
              Plaintiff,             )
16                                   )    DEMAND FOR JURY TRIAL
          v.                         )
17                                   )
    GMAX, LLC, a Michigan limited liability )
18  company,                         )
                                     )
19            Defendant.             )
    _____ )

20

21        Plaintiff, HANSEN BEVERAGE COMPANY d/b/a MONSTER

22  BEVERAGE COMPANY ("MBC"), a Delaware corporation, by and through its

23  undersigned attorneys, files this Complaint against Defendant, GMAX, LLC,

24  ("GMAX"), a Michigan limited liability company.

25                    **JURISDICTION AND VENUE**

26        1.    This is an action for (a) trademark infringement under 15 U.S.C. §

27  1114; (b) federal dilution arising under 15 U.S.C. § 1125(c); (c) false

28  designation of origin arising under 15 U.S.C. § 1125(a); (d) copyright

                              -1-



infringement arising under 17 U.S.C. §§ 501, *et seq.*; (e) dilution arising under California Business & Professions Code § 14247; (f) unfair competition arising under California Business & Professions Code §§ 17200 *et seq.*; (g) trademark infringement arising under the common law of the State of California; and (h) unfair competition arising under the common law of the State of California.

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c), as a substantial part of the events described herein took place in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

## THE PARTIES

4.     Plaintiff HANSEN BEVERAGE COMPANY is a Delaware corporation having its principal place of business at 550 Monica Circle, Suite 201, Corona, California 92880. MONSTER BEVERAGE COMPANY is a ficticious business name of Hansen.

5.     MBC is informed and believes, and on that basis alleges that GMAX, LLC is a limited liability company with its principal place of business located at 4162 Doerr Road, Cass City, Michigan 48726. MBC is informed and believes, and on that basis alleges that GMAX sells its products, including the infringing products, throughout the country including in retail outlets located within Los Angeles County, Orange County, Riverside County, San Bernardino County, Ventura County, Santa Barbara County, and San Luis Obispo County. GMAX is subject to the general and specific jurisdiction of this Court by virtue of its continuous, systematic, and substantial presence within this Judicial District including by offering for sale and selling infringing products at numerous retail outlets in this Judicial District, and by committing acts in this judicial district, which form a substantial part of the transactions, occurrences,

1   events and omissions giving rise to MBC's claims.

2                 **ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

3   **A.**   **MBC's Trademarks and Copyrights**

4        6.    MBC is a nationwide leader in the business of designing,

5   producing, and selling beverages, including energy drinks.

6        7.    In 2002, prior to Defendant's acts described herein, MBC launched

7   its MONSTER ENERGY® drink brand, bearing its now famous ⚡ ("Claw Icon

8   Mark").

9        8.    Since MBC's launch of the original MONSTER ENERGY® drink

10   in 2002, and prior to Defendants' acts described herein, MBC has continuously

11   used marks that incorporate its famous Claw Icon Mark, individually or in

12   combination with other terms, (collectively the "Claw Icon Mark and

13   MONSTER$^{TM}$ Marks").

14        9.    MBC's successful line of MONSTER™ drinks has grown to

15   include numerous other well-known products, including, but not limited to, LO-

16   CARB MONSTER, MONSTER KHAOS, MONSTER ASSAULT, MONSTER

17   M-80, MONSTER MIXXD, JAVA MONSTER, NITROUS MONSTER, and

18   the X-PRESSO MONSTER products.

19        10.   MBC's MONSTER$^{TM}$ brand drinks are sold in distinctive

20   containers having a well-known trade dress (hereinafter the "MONSTER Trade

21   Dress"). Representative pictures illustrating at least a portion of the trade dress

22   of the original MONSTER, LO-CARB MONSTER, MONSTER ASSAULT,

23   MONSTER KHAOS, MONSTER M-80, MONSTER MIXXD, MONSTER

24   ENERGY ABSOLUTE ZERO, MONSTER ENERGY SUPER DRY,

25   MONSTER ENERGY ANTI-GRAVITY, MONSTER ENERGY KILLER-B,

26   MONSTER ENERGY BLACK ICE, and MONSTER REHAB containers are

27   shown below.

28



11.   MBC is the owner of numerous trademark registrations for marks that incorporate its famous Claw Icon Mark, including Trademark Registration Nos. 2,903,214, 3,134,841, 3,434,821, 3,434,822, 3,908,600, 3,908,601, 3,914,828, 3,923,683, 3,963,668, 3,963,669, 4,011,301, 3,949,989, 3,936,161, and 4,051,650.   MBC's registrations are registered for use in connection with numerous goods and services, including helmets, headgear, sports gear, sports bags, clothing and accessories.   Attached hereto as Exhibits "A" through "N" are true and correct copies of MBC's trademark registrations, which are incorporated herein by reference.

12.   Pursuant to 15 U.S.C. § 1065, Registration Nos. 2,903,214 and 3,134,841 are now incontestable.

13.   In addition, MBC is the owner of valid copyright registrations for the Claw Icon as seen in Registration No. VA 1-789-900, as well as for beverage packaging prominently featuring the Claw Icon, including at least

1    Registration Nos. VA 1-727-577, VA 1-737-654, and VA 1-749-215. Attached
2    hereto as Exhibits "O" through "R" are true and correct copies of MBC's
3    copyright registrations, which are incorporated herein by reference.

4          14.   The containers of MBC's MONSTER ENERGY® drinks are
5    prominently marked with MBC's Claw Icon Mark, MONSTER™ Marks, and
6    MONSTER Trade Dress. Since 2002, MBC has spent hundreds of millions of
7    dollars in promoting, advertising and marketing its MONSTER ENERGY®
8    drinks, Claw Icon Mark, MONSTER™ Marks, and MONSTER Trade Dress.
9    MBC's promotional efforts include – by way of example but not limitation –
10   substantial print media, Internet advertising, point of sale materials, sponsorship
11   of athletes, sponsorship of live and televised sports and music events, contests,
12   and attendance at trade shows. MBC's Claw Icon Mark and MONSTER Trade
13   Dress are prominently featured in MBC's promotions for its MONSTER™ line
14   of energy drinks.

15         15.   MBC's MONSTER™ brand energy drinks have been
16   tremendously successful, with retail sales increasing every year since its launch
17   in 2002. Retail sales of MBC's line of MONSTER ENERGY® drinks are now
18   over $2.5 billion per year in the United States.

19         16.   MBC's Claw Icon Mark and MONSTER Trade Dress are the
20   subject of substantial and continuous marketing and promotion by MBC in
21   connection with its MONSTER ENERGY® line of drinks. MBC has and
22   continues to widely market and promote its Claw Icon Mark and MONSTER
23   Trade Dress in the industry and to consumers by displaying the Claw Icon Mark
24   and MONSTER Trade Dress on billions of cans, widespread distribution of
25   promotional and point of sale materials, product samplings, apparel and
26   merchandise bearing the Claw Icon Mark and MONSTER Trade Dress, in
27   magazines and other industry publications, on the MONSTER ENERGY®
28   website and other Internet websites, attendance at trade shows, concert tours and

1   live events, sponsorship of athletes, athletic teams, and athletic competitions
2   around the world.
3       17.    Shown below are true and accurate representative pictures
4   illustrating just a few examples of MBC's MONSTER™ point of sale materials
5   displaying MBC's distinctive MONSTER Trade Dress and bearing MBC's
6   famous Claw Icon Mark:





23      18.    Since 2002, MBC also has used, and continues to use, its Claw
24  Icon Mark in connection with helmets, headgear, sports gear, sports bags,
25  clothing and accessories.   True and correct examples of products bearing
26  MBC's Claw Icon Mark, and MONSTER Trade Dress are shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28










19.  As seen in these pictures, each of MBC's MONSTER products is sold using the prominently displayed Claw Icon Mark, MONSTER™ Marks, and MONSTER Trade Dress.

20.  MBC also sponsors over 200 extreme sports athletes and athletic events, including motocross, snowboarding and motorcycle athletes and events in connection with its MONSTER ENERGY® drinks.  MBC's Claw Icon Mark and MONSTER Trade Dress are prominently displayed at such events (see below).  In addition, many of MBC's sponsored athletes promote the MONSTER ENERGY® drinks by displaying the Claw Icon Mark and/or MONSTER Trade Dress on their clothing, uniforms, and gear as shown, for example, below:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28











21.     MBC sponsors or has sponsored numerous sporting events, including the Billabong XXL Wave Awards, the MONSTER ENERGY® AMA Supercross Series and MotoGP's Grand Prix de France, Youthstream's MX1 and MX2 FIM Motocross World Championships, the Motocross of Nations, the MX3 FIM Motocross World Championship, the FIM MX Junior World Championship and the UEM EMX2 European Motocross Championship the MONSTER ENERGY AMA Supercross Series and the X Games.  At MBC-sponsored events, MBC's Claw Icon Mark and MONSTER Trade Dress are prominently promoted at the tracks, on banners, and on large transport, support, and hospitality tractor trailers, motor homes, and other promotional vehicles.

22.   MBC also sponsors other sports-related events, including surfing, skateboarding, wakeboarding, skiing, snowboarding, BMX, mountain biking, snowmobile racing, off-road racing, off-road truck racing, and various classes of NASCAR racing.  Many of these events are broadcast nationally on television and all of them prominently display the Claw Icon Mark and MONSTER Trade Dress.

23.   As a result of MBC's substantial use and promotion of its Claw Icon Mark and MONSTER Trade Dress in connection with its MONSTER™ line of products, MBC's Claw Icon Mark and MONSTER Trade Dress have acquired great value as specific identifiers of MBC's products and serve to identify and distinguish MBC's MONSTER™ line of products from those of others.  Customers in this Judicial District and elsewhere readily recognize MBC's Claw Icon Mark and MONSTER Trade Dress as distinctive designations of the origin of MBC's MONSTER™ and MONSTER ENERGY® brand drinks, products, and promotional items.  The Claw Icon Mark and MONSTER Trade Dress are intellectual property assets of enormous value as symbols of MBC and its quality products, reputation and goodwill.

B.   **Defendant's Infringement of the Claw Icon Mark**

24.   MBC is informed and believes, and on that basis alleges that Defendant is engaged in the business of manufacturing, distributing, and selling sports helmets, including ATV, motocross, motorcycle and snowmobile helmets.

25.   At no time has MBC ever given the Defendant license, permission or authority to use and display MBC's Claw Icon Mark and/or MONSTER Trade Dress on any of Defendant's products.

26.   Without permission or consent from MBC, Defendant is offering for sale, marketing, importing, and/or selling helmets unlawfully bearing marks and trade dress that are confusingly similar to MBC's Claw Icon Mark and

-11-

MONSTER Trade Dress and substantially similar to MBC's copyrighted Claw Icon.

27.     Examples of some of Defendants' helmets are shown below:



28.     Defendants' helmets prominently display a confusingly similar imitation of MBC's Claw Icon Mark and MONSTER Trade Dress.

29.     MBC is informed and believes, and on that basis alleges that Defendant is using MBC's Claw Icon Mark and MONSTER Trade Dress in an attempt to falsely associate its products with MBC or to otherwise trade upon MBC's valuable reputation and customer good will in its Claw Icon Mark and MONSTER Trade Dress and MBC's high quality products sold in connection with its marks and trade dress.

30. MBC is informed and believes, and on that basis alleges, that Defendant's use of MBC's Claw Icon Mark and MONSTER Trade Dress is designed and intended to cause confusion, mistake or deception as to the source of Defendant's products.

31. MBC is informed and believes, and on that basis alleges, that it is Defendant's purpose to cause consumers and potential customers to believe that Defendant's products are associated with MBC or MBC's MONSTER™ family of products when, in truth and fact, they are not.

32. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to MBC's business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of MBC's and Defendant's products, and has otherwise competed unfairly with MBC by unlawfully trading on and using MBC's Claw Icon Mark without MBC's permission or consent.

33. MBC is informed and believes, and on that basis alleges, that Defendant has directly copied MBC's Claw Icon Mark and MBC's copyrighted Claw Icon and can art design featuring its Claw Icon Mark.

34. MBC is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

35. Defendant's acts complained of herein have caused damage to MBC in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

36. Defendant's acts complained of herein have caused MBC to suffer irreparable injury to its business. MBC will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1114)

37.   MBC realleges Paragraphs 1-36, as if fully set forth herein.

38.   This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

39.   MBC owns valid and enforceable registered trademarks for its Claw Icon Mark, including at least Trademark Registration Nos. 2,903,214, 3,134,841, 3,434,821, 3,434,822, 3,908,600, 3,908,601, 3,914,828, 3,923,683, 3,963,668, 3,963,669, 4,011,301, 3,949,989, 3,936,161, and 4,051,650.

40.   Defendant has used and is using in commerce, without permission of MBC, reproductions, copies or colorable imitations of MBC's registered Claw Icon Mark in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of Defendant's Products, in a manner that is likely to cause confusion, or to cause mistake or deceive.

41.   Without permission of MBC, Defendant is reproducing, copying, or colorably imitating MBC's registered Claw Icon Mark and applying such reproductions, copies or colorable imitations to merchandise, labels, signs, packages, receptacles or advertisement intended to be used in commerce upon or in connection with the manufacturing, distributing, selling, offering for sale, advertising and/or promoting of goods or services in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

42.   MBC is informed and believes, and on that basis alleges, that the activities of Defendant complained of herein constitute willful and intentional infringements of MBC's Claw Icon Mark, and that Defendant did so with the intent to unfairly compete against MBC, to trade upon MBC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated

with, sponsored by, originated from, or are approved by MBC, when in truth and fact they are not.

43. MBC is informed and believes, and on that basis alleges, that Defendant had actual knowledge of MBC's ownership and prior use of MBC's Claw Icon Mark, and without the consent of MBC, has willfully violated 15 U.S.C. § 1114.

44. MBC is informed and believes, and on that basis alleges, that Defendant's infringement has been willful and deliberate.

45. Defendant's aforementioned acts have injured MBC and damaged MBC in an amount to be determined at trial. By its actions, Defendant has irreparably injured MBC. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MBC's rights, for which MBC has no adequate remedy at law.

## COUNT II

### (Federal Dilution of the Claw Icon Mark Under 15 U.S.C. § 1125(c))

46. MBC hereby realleges Paragraphs 1-36, as if fully set forth herein.

47. This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

48. MBC's Claw Icon Mark is famous, and became so prior to Defendant's acts complained of herein.

49. Defendant's unauthorized commercial use of MBC's Claw Icon Mark in connection with the advertisement, offering for sale and sale of Defendant's products has caused and is likely to continue to cause dilution of the distinctive quality of the famous Claw Icon Mark.

50. Defendant's acts are likely to tarnish, injure, or trade upon MBC's business, reputation or goodwill, and to deprive MBC of the ability to control the use of its Claw Icon Mark and quality of products associated therewith.

51.   MBC is informed and believes, and on that basis alleges, that Defendant's dilution has been willful and deliberate.

52.   Defendant's acts have injured MBC in an amount to be determined at trial.

53.   Defendant's acts have irreparably injured MBC.  Such irreparable injury will continue until and unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MBC's rights, for which MBC has no adequate remedy at law.

## COUNT III

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

54.   MBC hereby realleges Paragraphs 1-36, as if fully set forth herein.

55.   This is a claim for false designation of origin arising under 15 U.S.C. § 1125(a).

56.   Defendant has created a false designation of origin by using in commerce, without MBC's permission, the Claw Icon Mark and/or other marks substantially identical or confusingly similar to MBC's Claw Icon Mark in connection with the advertising, offering for sale, distributing, and/or sale of Defendant's products thereby falsely designating the origin of defendant's products by causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with MBC and or its products.

57.   MBC is informed and believes, and on that basis alleges, that Defendant did so with the intent to compete against MBC, to trade upon MBC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by MBC, when in truth and fact they are not.

58.   MBC is informed and believes, and on that basis alleges, that Defendant had actual knowledge of MBC's ownership and prior use of its Claw Icon Mark, and has willfully and deliberately violated 15 U.S.C. § 1125(a).

59.   Defendant's acts have injured and violated the rights of MBC and damaged MBC in an amount to be determined at trial.

60.   Defendant's acts have irreparably injured MBC.  Such irreparable injury will continue until and unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MBC's rights, for which MBC has no adequate remedy at law.

## COUNT IV

### (Copyright Infringement Under 17 U.S.C. § 501)

61.   MBC realleges Paragraphs 1-37, as if fully set forth herein.

62.   This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

63.   MBC is the owner of valid and enforceable copyrights in the Claw Icon Mark and can art including the Claw Icon Mark used in connection with its energy drink products ("Copyrighted Works").  The can art and Claw Icon design contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*

64.   MBC has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Works, and has obtained Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, for MBC's can art prominently featuring its Claw Icon, and VA 1-789-900 for MBC's Claw Icon Mark.

65.   Defendant's deliberate copying of MBC's Copyrighted Works infringes and continues to infringe MBC's copyrights in violation of 17 U.S.C. § 501(a).  Defendant is directly infringing on MBC's exclusive right to reproduce copies, make derivative works and distribute copies of its Copyrighted Works under 17 U.S.C. §§ 106(1)–(3).

-17-

66.     MBC is informed and believes, and on that basis alleges, that Defendant's infringement has been willful and deliberate.

67.     Defendant's acts have injured MBC in an amount to be determined at trial.

68.     Defendant's acts have irreparably injured MBC.  Such irreparable injury will continue unless and until defendant is preliminarily and permanently enjoined by this Court from further violation of MBC's right , for which MBC has no adequate remedy at law.

## COUNT V

## (Dilution Under California Business & Professions Code § 14247)

69.     MBC realleges Paragraphs 1-36, as if fully set forth herein.

70.     This is an action for dilution under California Business & Professions Code § 14247.

71.     MBC's Claw Icon Mark is famous and distinctive, and became famous prior to the acts of the Defendant complained of herein.

72.     Defendant's unauthorized commercial use of the Claw Icon Mark in connection with the advertisement, offering for sale and/or sale of sunglasses and related products is likely to cause dilution of the distinctive quality of the famous Claw Icon Mark.

73.     Defendant's aforementioned acts are likely to blur, tarnish, injure or trade upon MBC's business reputation or goodwill, and to deprive MBC of the ability to control its Claw Icon Mark.

74.     Defendant's aforementioned acts have injured MBC and damaged MBC in an amount to be determined at trial.

75.     Defendant's acts have irreparably injured MBC.  Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of MBC's rights, for which MBC has no adequate remedy at law.

## COUNT VI

### (Unfair Competition Under California Business & Professions Code §§ 17200, *et seq.*)

76.    MBC realleges Paragraphs 1-36 of this Complaint, as if fully set forth herein.

77.    This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

78.    By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among the consumers and public and has unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

79.    Defendant's acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged MBC.

80.    Defendant's acts have irreparably injured MBC.  Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further committing unfair and unlawful business practices against MBC, for which MBC has no adequate remedy at law.

## COUNT VII

### (Trademark Infringement Under the Common Law of the State of California)

81.    MBC realleges Paragraphs 1-36 of this Complaint, as if fully set forth herein.

82.    This is an action for trademark infringement under the common law of the state of California.

83.    Defendant's acts complained of herein constitute trademark infringement under the common law of the state of California.  Defendant's aforementioned acts are willful and deliberate and committed with knowledge

-19-

1     that Defendant's unauthorized use of the Claw Icon Mark will cause a
2     likelihood of confusion.

3            84.    Defendant's aforementioned acts have injured MBC and damaged
4     MBC in an amount to be determined at trial.

5            85.    By its actions, Defendant has irreparably injured MBC.  Such
6     irreparable injury will continue unless Defendant is preliminarily and
7     permanently enjoined by this Court from further violation of MBC's rights, for
8     which MBC has no adequate remedy at law.

9            86.    Defendant's willful acts of trademark infringement under
10    California common law constitute fraud, oppression and malice.  Accordingly,
11    Defendant is entitled to exemplary damages.

12                       **COUNT VIII**

13           **(California Common Law Unfair Competition)**

14            87.    MBC realleges Paragraphs 1-36 of this Complaint, as if fully set
15    forth herein.

16            88.    This is an action for unfair competition arising under the common
17    law of the state of California.

18            89.    By virtue of the acts complained of herein, Defendant has
19    intentionally caused a likelihood of confusion among the purchasing public in
20    this Judicial District and elsewhere, thereby unfairly competing with MBC in
21    violation of the common law of the state of California.

22            90.    By its actions, Defendant has injured and violated the rights of
23    MBC in an amount to be determined at trial.

24            91.    Defendant's acts have irreparably injured MBC.  Such irreparable
25    injury will continue unless Defendant is preliminarily and permanently enjoined
26    by this Court from further violation of MBC's rights, for which MBC has no
27    adequate remedy at law.

28

92.   Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice.  Accordingly, Defendant is entitled to exemplary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MBC respectfully requests the Court to award MBC the following relief:

A.   That the Court render a final judgment in favor of MBC and against Defendant on all claims for relief herein;

B.   That the Court render a final judgment declaring Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing MBC's trademark rights in its federally registered Claw Icon Mark;

C.   That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting MBC's famous Claw Icon Mark;

D.   That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by infringing MBC's Claw Icon Mark through the marketing, sale and promotion of Defendant's Accused Products;

E.   That the Court render a final judgment declaring that Defendant has violated 17 U.S.C. § 501(a) by infringing MBC's Copyrighted Works;

F.   That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of California Business & Professions Code §14247 by diluting MBC's famous Claw Icon Mark;

G.   That the Court render a final judgment declaring that Defendant has violated California Business and Professions Code §§17200, *et seq.* by unfairly competing with MBC;

H.    The Court render a final judgment declaring Defendant has violated California common law by infringing MBC's trademark rights in its federally registered Claw Icon Mark;

I.    The Court render a final judgment declaring Defendant has violated California common law by unfairly competing with MBC;

J.    That Defendant, its officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith temporarily, preliminarily and permanently enjoined from:

    a.    using MBC's Claw Icon Mark and/or MONSTER Trade Dress in connection with Defendant's goods, in advertising, promoting, selling or offering to sell Defendant's goods, and/or using confusingly similar variations of MBC's Claw Icon Mark and/or MONSTER Trade Dress in any manner that is likely to create the impression that Defendant's goods originate from MBC, are endorsed by MBC, or are connected in any way with MBC;

    b.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing MBC's Claw Icon Mark, and/or any confusingly similar marks;

    c.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing MBC's copyrighted Claw Icon design, copyrighted can designs, or any design substantially similar thereto;

    d.    copying, reproducing, distributing, displaying, creating derivative works of MBC's copyrighted Claw Icon design and/or

copyrighted beverage packaging designs and/or importing, manufacturing, or producing any products bearing copies of MBC's copyrighted Claw Icon design and/or copyrighted can designs;

e.   filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs confusingly similar to MBC's Claw Icon Mark, copyrighted Claw Icon design, and/or copyrighted can designs;

f.   otherwise infringing or diluting MBC's Claw Icon Mark and/or any of MBC's other trademarks;

g.   falsely designating the origin of Defendant's goods;

h.   unfairly competing with MBC in any manner whatsoever; and

i.   causing a likelihood of confusion or injury to MBC's business reputation.

K.   The Defendant be directed to file with this Court and serve on MBC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

L.   That Defendant be required to account to MBC for any and all profits derived by Defendant and all damages sustained by MBC by virtue of Defendant's acts complained of herein;

M.   That Defendant be ordered to pay over to MBC all damages MBC has sustained as a consequence of the acts complained of herein, subject to proof at trial;

N.   That MBC be awarded damages pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

O.   That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

P.   That Defendant's actions be deemed willful;

Q.   That MBC be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if MBC elects, that MBC be awarded statutory damages pursuant to 17 U.S.C. § 504;

R.   That an award of reasonable costs, expenses and attorneys' fees be awarded to MBC pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504;

S.   That MBC recover exemplary damages pursuant to California Civil Code § 3294;

T.   That interest be awarded on all applicable damages under California Civil Code § 3288;

U.   For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _12/13/11_     By: _Lynda J. Zadra-Symes_

Lynda J. Zadra-Symes
Lauren Keller Katzenellenbogen

Attorneys for Plaintiff
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

-24-

1

## JURY DEMAND

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3    MBC demands a trial by jury of all issues raised that are triable by jury.

4
                              Respectfully submitted,
5
                              KNOBBE, MARTENS, OLSON & BEAR, LLP
6

7

8    Dated: __12/13/11__          By: _____
9                                     Lynda J. Zadra-Symes
                                      Lauren K. Katzenellenbogen
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 2,903,214

Registered Nov. 16, 2004

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: DRINKS, NAMELY, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND WATER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

SER. NO. 78-246,564, FILED 5-7-2003.

GINNY ISAACSON, EXAMINING ATTORNEY

# EXHIBIT B

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

**Reg. No. 3,134,841**

## United States Patent and Trademark Office

Registered Aug. 29, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: BEVERAGES, NAMELY, CARBONATED SOFT DRINKS, CARBONATED SOFT DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY AND SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND AERATED WATER, SODA WATER AND SELTZER WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-246,567, FILED 5-7-2003.

AMY HELLA, EXAMINING ATTORNEY

EXHIBIT B

# EXHIBIT C

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,434,821

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 2,903,214 AND 3,134,841.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 77-274,643, FILED 9-7-2007.

MICHAEL WIENER, EXAMINING ATTORNEY

EXHIBIT C

- 28 -

# EXHIBIT D

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

**United States Patent and Trademark Office**

**Reg. No. 3,434,822**

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 2,903,214 AND 3,134,841.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 77-274,662, FILED 9-7-2007.

MICHAEL WIENER, EXAMINING ATTORNEY

EXHIBIT D

# EXHIBIT E

# United States of America
## United States Patent and Trademark Office



**MØNSTER**
E N E R G Y

| | |
|---|---|
| **Reg. No. 3,908,600** | HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION) |
| | 550 MONICA CIRCLE SUITE 201 |
| **Registered Jan. 18, 2011** | CORONA, CA 92880 |
| **Int. Cl.: 16** | FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50). |
| **TRADEMARK** | FIRST USE 1-0-2004; IN COMMERCE 1-0-2004. |
| **PRINCIPAL REGISTER** | OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS. |

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,747, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT F

# United States of America

## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,908,601**

**Registered Jan. 18, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY, HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,822, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT G

# United States of America

## United States Patent and Trademark Office



## MONSTER
### ENERGY

**Reg. No. 3,914,828**

**Registered Feb. 1, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

FOR: SPORTS HELMETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,362, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT H

# United States of America

## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,923,683**

**Registered Feb. 22, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFLE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-0-2004; IN COMMERCE 5-0-2004.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,810, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT I

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,963,668**

**Registered May 17, 2011**

**Int. Cl.: 16**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS; POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,343, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT I
- 34 -

# EXHIBIT J

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,963,669**

**Registered May 17, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFEL BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,364, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT K

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,011,301**

**Registered Aug. 16, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: SPORTS HELMETS; VIDEO RECORDINGS FEATURING SPORTS, EXTREME SPORTS, AND MOTOR SPORTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 85-094,340, FILED 7-27-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

EXHIBIT K

- 36 -

# EXHIBIT L

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,949,989**

**Registered Apr. 26, 2011**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: BEVERAGES, NAMELY, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS, AND/OR HERBS; CARBONATED AND NON-CARBONATED ENERGY DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-0-2004; IN COMMERCE 9-0-2004.

OWNER OF U.S. REG. NOS. 3,044,314 AND 3,044,315.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-702,833, FILED 8-29-2005.

RAMONA ORTIGA, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT L

- 37 -

# EXHIBIT M

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,936,161**

**Registered Mar. 29, 2011**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-0-2007; IN COMMERCE 3-0-2007.

FOR: CARBONATED SOFT DRINKS; CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS; CARBONATED ENERGY OR SPORTS DRINKS; EXCLUDING PERISHABLE BEVERAGES CONTAINING FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-0-2007; IN COMMERCE 3-0-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY" AND "JUICE", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LETTER "M", IN THE FORM OF A CLAW, WITH THE WORDS "MONSTER M-80 ENERGY + JUICE".

SER. NO. 77-123,851, FILED 3-6-2007.

FRANK LATTUCA, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT M
- 38 -

# EXHIBIT N

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,051,650**

**Registered Nov. 8, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER M IN THE FORM OF A CLAW.

SER. NO. 85-094,362, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT N

- 39 -

# EXHIBIT O

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-789-900

**Effective date of registration:**

October 11, 2011

## Title

**Title of Work:** Stylized claw with jagged edges (original version)

## Completion/Publication

**Year of Completion:** 2002

**Date of 1st Publication:** March 27, 2002    **Nation of 1st Publication:** United States

## Author

■ **Author:** Hansen Beverage Company

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

■ **Author:** McLean Design

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

**Anonymous:** Yes

## Copyright claimant

**Copyright Claimant:** Hansen Beverage Company

550 Monica Circle, Suite 201, Corona, CA, 92880, United States

**Transfer Statement:** By written agreement

## Certification

**Name:** Diane M. Reed

**Date:** October 11, 2011

**Applicant's Tracking Number:** HANBEV.012CR1

**Registration #:**   VA0001789900

**Service Request #:**   1-671742871



Knobbe, Martens
Diane M Reed
2040 Main Street
14th Floor
Irvine, CA 92614  United States

EXHIBIT O
- 41 -



EXHIBIT O

# EXHIBIT P

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

**VA 1-727-577**

**Effective date of registration:**

August 2, 2010

## Title

**Title of Work:** MONSTER ENERGY Can Art

## Completion/ Publication

**Year of Completion:** 2002

**Date of 1st Publication:** March 27, 2002          **Nation of 1st Publication:** United States

## Author

- **Author:** Hansen Beverage Company

  **Author Created:** text, 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States          **Domiciled in:** United States

- **Author:** McLean Design

  **Author Created:** 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Hansen Beverage Company

550 Monica Circle, Suite 201, Corona, CA, 92880, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Knobbe, Martens

**Name:** Diane M Reed

**Email:** efiling@kmob.com          **Telephone:** 949-760-0404

**Address:** 2040 Main Street

Fourteenth Floor

Irvine, CA 92614  United States

Page 1 of 2

## Certification

| | |
|---|---|
| **Name:** | Diane M. Reed |
| **Date:** | August 2, 2010 |
| **Applicant's Tracking Number:** | HANBEV.525CR |

**Registration #:**   VA0001727577

**Service Request #:**   1-451429071



Knobbe, Martens
Diane M Reed
2040 Main Street
Fourteenth Floor
Irvine, CA 92614  United States

EXHIBIT P



EXHIBIT P



EXHIBIT P

# EXHIBIT Q

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-737-654

**Effective date of
registration:**

September 3, 2010

---

## Title

**Title of Work:** LO-CARB MONSTER ENERGY Can Art

## Completion/Publication

**Year of Completion:** 2003

**Date of 1st Publication:** August 31, 2003          **Nation of 1st Publication:** United States

## Author

■          **Author:** Hansen Beverage Company

**Author Created:** text, 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States                    **Domiciled in:** United States

■          **Author:** McLean Design

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States                    **Domiciled in:** United States

**Anonymous:** Yes

## Copyright claimant

**Copyright Claimant:** Hansen Beverage Company

550 Monica Circle, Suite 201, Corona, CA, 92880, United States

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** text, 2-D artwork

**Previous registration and year:** VA1727577          2010

**New material included in claim:** text, 2-D artwork

## Rights and Permissions

---

**Organization Name:** Knobbe, Martens

**Email:** efiling@kmob.com          **Telephone:** 949-760-0404

**Address:** 2040 Main Street

14th Floor

Irvine, CA 92614  United States

## Certification

**Name:** Diane M. Reed

**Date:** September 3, 2010

**Applicant's Tracking Number:** HANBEV.526CR



**Registration #:**   VA0001737654

**Service Request #:**   1-481521921



Knobbe, Martens
Diane M Reed
2040 Main Street
14th Floor
Irvine, CA 92614  United States



EXHIBIT Q



# EXHIBIT R

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-749-215

**Effective date of registration:**

November 1, 2010

## Title

**Title of Work:** MONSTER ENERGY 4 Pack Packaging

## Completion/Publication

**Year of Completion:** 2004

**Date of 1st Publication:** June 30, 2004     **Nation of 1st Publication:** United States

## Author

■     **Author:** Hansen Beverage Company

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

■     **Author:** McLean Design

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

**Anonymous:** Yes

## Copyright claimant

**Copyright Claimant:** Hansen Beverage Company

550 Monica Circle, Suite 201, Corona, CA, 92880, United States

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**Previous registration and year:** VA1727577     2010

**New material included in claim:** 2-D artwork

## Rights and Permissions

**Organization Name:**  Knobbe, Martens

**Email:**  efiling@kmob.com                          **Telephone:**  949-760-0404

**Address:**  2040 Main Street

14th Floor

Irvine, CA 92614  United States

## Certification

**Name:**  Diane M. Reed

**Date:**  November 1, 2010

**Applicant's Tracking Number:**  HANBEV.890CR

**Correspondence:**  Yes







EXHIBIT R

- 56 -





# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1969 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Lynda J. Zadra-Symes (SBN 156511)
Lauren K. Katzenellenbogen (SBN 223370)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HANSEN BEVERAGE COMPANY d/b/a MONSTER BEVERAGE COMPANY, a Delaware corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **EDCV11-01969 VAP (OPx)** |
| v. | |
| GMAX, LLC, a Michigan limited liability company, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):        GMAX, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Lynda J. Zadra-Symes_____, whose address is _Knobbe, Martens, Olson & Bear, LLP , 2040 Main Street, 14th Floor, Irvine, CA 92614_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _December 13, 2011_

By: _____AMY DeAVILA_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HANSEN BEVERAGE COMPANY d/b/a MONSTER BEVERAGE COMPANY, a Delaware corporation, | GMAX, LLC, a Michigan limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Lynda J. Zadra-Symes, Lauren Keller Katzenellenbogen KNOBBE, MARTENS, OLSON & BEAR, LLP 2040 Main Street, 14th Floor, Irvine, CA 92614, Phone: (949) 760-0404 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement under 15 U.S.C. § 1114, Copyright infringement under 15 U.S.C. § 501, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture ☐ 620 Other Food & Drug | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**EDCV11-01969 VAP (OPx)**

COPY

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michigan |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County and Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _R. S. Cadrahymes_   Date _12/13/11_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |